UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21277-CIV-WILLIAMS/MCALILEY

KARSEL HOLDINGS, LLC,

    Plaintiff,

vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

**ORDER GRANTING IN PART MOTION FOR RELIEF
FROM TECHNICAL ADMISSIONS**

Plaintiff Karsel Holdings, LLC filed a Motion for Relief from Technical Admissions following the Court's entry of a Paperless Order, which directed Plaintiff to file a memorandum explaining why Defendant's Request for Admissions should not be deemed admitted given Plaintiff's failure to respond. (ECF Nos. 26, 29). Defendant has filed a response to the Motion for Relief. (ECF No. 31). For the reasons explained below, the Court grants the Motion in part.

**I.    BACKGROUND**

The relevant facts are not in dispute. Defendant served Plaintiff with a Request for Admissions in May 2021 and, pursuant to an agreement of the parties, Plaintiff's responses were due on July 19, 2021. (ECF No. 29 at ¶¶ 2-3). Plaintiff did not serve responses to the Request for Admissions by that deadline. In September 2021, defense counsel twice

emailed Plaintiff's counsel reminding him that Plaintiff's responses to the Request for Admissions were past due and asking Plaintiff to immediately serve its responses. (ECF Nos. 31-1, 31-2). Plaintiff did not do so, nor did it seek an extension of time to comply with its obligation under Federal Rule of Civil Procedure 36, to serve a response. From the record before the Court, it appears that Plaintiff's counsel also did not respond to defense counsel's email inquiries.

Meanwhile, in October 2021, Plaintiff filed a Motion to Compel Appraisal. (ECF No. 17). In November 2021, Defendant served its response in opposition. (ECF No. 17). In that response, Defendant informed the Court that Plaintiff never responded to Defendant's Request for Admissions and argued that, because those requests "are deemed admitted by operation of law," Plaintiff has conceded that Defendant fulfilled its policy obligations, and that Plaintiff is not entitled to benefits under the insurance policy. (*Id*. at 3-4). Despite this, Plaintiff still did not serve responses to Defendant's Request for Admissions or seek leave to withdraw its presumptive admissions. Strikingly, in its reply memorandum, Plaintiff even failed to respond to Defendant's argument that by inaction, Plaintiff had conceded the merits of this case. (ECF No. 18). That is, Plaintiff did nothing to cure or attempt to explain its noncompliance with Rule 36.

On January 19, 2022, after reviewing Plaintiff's Motion to Compel Appraisal, the Court entered a Paperless Order directing Plaintiff, no later than January 24, 2022, to file a memorandum "explaining why Defendant's Request for Admissions are not deemed admitted given Plaintiff's alleged failure to respond, and how Plaintiff can seek to compel appraisal when, as a result of its failure to respond to Defendant's Request for Admissions,

it has conceded that Defendant is not liable for any damages." (ECF No. 26). Plaintiff filed its memorandum as ordered and included an affidavit of Plaintiff's counsel. (ECF No. 29). That same day, on January 24, 2022, Plaintiff also served its responses to Defendant's Request for Admissions – six months after they were originally due and three weeks after fact discovery closed.[1] (ECF Nos. 10, 31-3).

Plaintiff's counsel explains his failure to timely serve responses to Defendant's Request for Admissions by stating that "it is apparent that the [response] deadline was not calendared and was the result of neglect given clerical error, a reasonable misunderstanding and a system gone awry." (ECF No. 29-1 at ¶ 5). This completely fails to justify Plaintiff's failure to meet its discovery obligations. Plaintiff's counsel provides no information to explain the clerical error, or to describe the "misunderstanding" or the system that went "awry". He also fails to explain why Plaintiff did not provide belated responses to the admissions requests in September 2021, when prompted by defense counsel's emails. Plaintiff cannot blame this on its calendaring error, when it ignored the reminder Defendant sent with its emails

In addition, even though Plaintiff did finally serve its (very untimely) responses, those responses are nonsensical. In multiple instances, Plaintiff denied an admission but also denied its inverse. For example, Plaintiff denied that it "does not seek damage caused by the kitchen cast iron pipe located in unit 304" and also denied that it "seeks damage caused by the kitchen cast iron pipe located in unit 304." (ECF Nos. 31-3 at p. 3 ¶¶ 9-10 p.

---

[1] Fact discovery closed on January 2, 2022. (ECF No. 10 at 2).

3

5 at ¶¶ 9-10) (*see also Id*. at p. 3 at ¶¶ 11-18, p. 5-6 at ¶¶ 11-18).  Plaintiff's counsel is responsible for this lack of care.

Plaintiff now asks the Court for permission to withdraw its presumed admissions and accept Plaintiff's late (and contradictory) responses. Defendant opposes, arguing that the Court should refuse Plaintiff's request because (i) Defendant would be prejudiced given that it has not taken discovery to refute the denials and (ii) Plaintiff's denials "show bad faith designed to obstruct rather than [a] good faith [effort] to resolve [this action] on the merits." (ECF No. 31 at 5-6).  With these events in mind, the Court turns to the governing standard.

II.   ANALYSIS

Rule 36(a) of the Federal Rules of Civil Procedure makes clear that a matter is deemed admitted unless the party to whom the request is directed timely serves a written response or objection. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). Defendant's Request for Admissions are therefore deemed admitted because Plaintiff did not timely serve written answers or objections.

This is not the end of the inquiry, though, because Rule 36(b) provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The Rule then sets forth the standard that governs whether to permit withdrawal or amendment of admissions. It states that "[s]ubject to Rule 16(e), the court may permit withdrawal or

4

amendment *if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits*." Fed. R. Civ. P. 36(b) (emphasis supplied).

The Eleventh Circuit Court of Appeals has instructed district courts to utilize a two-part test when applying this standard. *Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2022). "First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id*. at 1264.

The first consideration "is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Id*. at 1266 (citation omitted). That is the situation here, as two of the deemed admissions would absolve Defendant of any liability. (*See* ECF No. 31-3, p. 3 at ¶¶ 19, 20) ("Admit that SIC has fulfilled all its obligations for the alleged Loss" and "Admit that SIC does not owe payments of any kind … in relation to the alleged Loss …."). Accordingly, the Court concludes that the first element of the Rule 36(b) test supports withdrawal of Plaintiff's presumed admissions. *See Perez*, 297 F.3d at 1266 (first prong met where deemed admissions "conclusively established the liability of both defendants" and "effectively ended the litigation."); *Fifty-Six Hope Road Music, Ltd. v. AAA Silk Screen Corp*., No. 06-20145-Civ, 2007 WL 9702002, at *2 (S.D. Fla. Oct. 17, 2007) (finding "the first part of the Rule 36(b) test counsels in favor of allowing the withdrawal of admissions" where movant effectively admitted "all of the central elements" of the claims against them).

The second consideration, whether the non-moving party would be prejudiced by

5

the withdrawal or amendment of admissions, "relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions answered by the admissions." *Perez*, 297 F.3d at 1266. The fact that the discovery period has closed does not amount to prejudice within the meaning of this prong. This is because the court "could … simply extend[ ] the discovery deadline … to enable [the non-movant] to prove his case." *Id*. at 1268. The prejudice that Rule 36(b) "seeks to prevent is a party's reliance upon the other party's admissions for an extended period of time during which evidence is destroyed, witnesses are lost, or other difficulties arise." *Fifty-Six Hope Road Music*, 2007 WL 9702002 at *2. Defendant does not articulate any such prejudice, arguing instead that Plaintiff seeks "for the Court to determine coverage without allowing [Defendant] to conduct any discovery refuting the denials." (ECF No. 31 at 5). Defendant's concern can be addressed by a modification of the pretrial deadlines and thus, pursuant to the authority discussed above, this does not satisfy the second part of the Rule 36(b) test. *See e.g., Hernandez v. Wahoo Fitness, LLC*, No. 6:15-cv-1989, 2017 WL 3720827, at *2 (M.D. Fla. Jan. 31, 2017) (granting motion to withdraw admissions and noting that "although discovery has closed, it could be reopened if necessary to prevent prejudice to [non-movant].").

Plaintiff has not justified its noncompliance with Rule 36. This, however, is not grounds to deny the Motion because "[t]he two-part test set forth in Rule 36(b) requires the Court to allow [movant] to withdraw their admissions, despite the [movant] giving no justification whatsoever for their failure to respond to [non-movant's] validly-issued discovery requests." *Fifty-Six Hope Road Music*, 2007 WL 9702002 at * 3.

6

Although the Court will allow Plaintiff to withdraw its presumptive admissions, it will not accept Plaintiff's six-months late responses to the admissions request. The internal contradictions in Plaintiff's belated responses only confuse, rather than narrow, the issues for trial. For the foregoing reasons, the Court **ORDERS** that Plaintiff's Motion for Relief from Technical Admissions, (ECF No. 29), is **GRANTED IN PART and DENIED IN PART**. The Court **FURTHER ORDERS** Plaintiff, **no later than February 9, 2022**, to serve amended responses to Defendant's Request for Admissions. Plaintiff and its counsel must carefully review each request and provide accurate responses, that otherwise meet the standard set by Rule 36.

Plaintiff's counsel's neglect of his obligation to serve a timely response to Defendant's request for admissions, and the carelessness with which he responded to the request for admissions, falls well below the professionalism this Court expects of attorneys. His behavior caused needless delay and expense for Defendant, and the Court shifts those expenses of Defendant to Plaintiff's counsel. *See* Fed. R. Civ. P. 36(a)(6) ("Rule 37(a)(5) applies to an award of expenses.").

For the reasons explained above, the Court finds that Plaintiff's counsel's errors were not substantially justified, and no other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Accordingly, the Court **FURTHER ORDERS** Plaintiff's counsel to pay the reasonable attorneys' fees that Defendant incurred in connection with (i) its efforts to confer with Plaintiff's counsel regarding Plaintiff's failure to respond to Defendant's Request for Admissions, (ii) that portion of Defendant's Opposition to Plaintiff's Motion to Compel Appraisal which concerns Plaintiff's

7

presumptive admissions, and (iii) Defendant's Response to Plaintiff's Motion for Relief from Technical Admissions.

The Court **FURTHER ORDERS** Defendant to file a Notice **no later than February 9, 2022** that sets forth the total amount of attorneys' fees incurred for the work described above and listing, for each timekeeper, the tasks performed, the time spent on each task, and the hourly rate. If Plaintiff disputes the reasonableness of the attorneys' fees sought, it shall file Objections, that specify the basis for the objection(s) and provide supporting legal authority, **no later than February 16, 2022**. If Plaintiff does not timely file Objections, Plaintiff's counsel shall pay Defendant the total amount of attorneys' fees set forth in the Notice and do so **no later than February 23, 2022**.

### III.  CONCLUSION

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 4th day of February 2022.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Kathleen M. Williams
    Counsel of Record