UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21277-CIV-WILLIAMS/MCALILEY

KARSEL HOLDINGS, LLC,

    Plaintiff,

vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Karsel Holdings, LLC filed a Motion to Compel Appraisal and Motion to Stay and/or Abate Breach of Contract Claim Pending Appraisal, which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 4, 16). Defendant Scottsdale Insurance Company filed a response, and Plaintiff filed a reply. (ECF Nos. 17, 18). Having carefully reviewed the parties' memoranda, the pertinent portions of the record and the applicable law, for the reasons I explain below, I recommend that the Court grant the Motion and stay this case until the appraisal is completed.

I.    **BACKGROUND**

This is an action for breach of contract under a policy for commercial property insurance (the "Policy") between Plaintiff and Scottsdale. (ECF No. 1). Plaintiff contends that its property located at 300-306 80th Street, Miami Beach, FL 33141 (the "Property")

was damaged by a sudden and accidental failed plumbing system. (*Id*. at ¶¶ 7-8; ECF No. 16 at 1). Plaintiff notified Scottsdale of the loss and submitted a claim seeking coverage and benefits under the Policy. (ECF No. 1 at ¶ 10).

On June 2, 2020, Scottsdale acknowledged at least some coverage for the loss by issuing payment to Plaintiff in the amount of $12,318.84. (ECF No. 17 at ¶ 16); *see also* (*Amended Answer and Affirmative Defenses to Complaint*, ECF No. 9 at ¶ 13). Plaintiff disagreed with Scottsdale's valuation of the amount of loss and, on October 2, 2020, sent a letter to Scottsdale demanding an appraisal to determine the amount of loss, and appointment of an appraiser. (ECF No. 16-1). The Policy contemplates an appraisal process when the parties disagree on the amount of loss. It states in pertinent part:

> E.   **Loss Conditions**
>
> The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
>
> \*\*\*
>
> 2.   **Appraisal**
>
> *If we and you disagree on the value of the property or the amount of loss, either may make a written demand for an appraisal of the loss*. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
>
> b. Bear the other expenses of the appraisal and umpire equally.

>     If there is an appraisal, we will still retain our right to deny the
>     claim.

(ECF No. 16-2 at 74).

In its response, Scottsdale stated that its consultant had investigated and identified three causes of the loss: "1 - drain line collapse and discharge[,] 2 - shower pan leak [and] 3 - water damage to ceiling at hallway." (ECF No. 16-3). Scottsdale asked Plaintiff to "identify which cause of loss you are requesting to be appraised." (*Id.*). Scottsdale added,"[p]lease note that drain lines and discharge from drain lines are not covered by this policy." (*Id.*). It did not challenge coverage for the other two causes of the loss. It appears that Plaintiff did not respond to Scottsdale's request for clarification.

On March 4, 2021, Plaintiff filed suit against Scottsdale for breach of contract in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. (ECF No. 1-2). Along with its Complaint, Plaintiff served Scottsdale with a Request for Production of documents and a First Set of Interrogatories. (ECF No. 17-2). Scottsdale then timely removed the action to this Court on April 5, 2021 and, thereafter, responded to Plaintiff's discovery requests. (ECF No. 1; ECF No. 17 at ¶ 7). Pursuant to the Court's Order, (ECF No. 4), the parties filed a Joint Scheduling Report on April 20, 2021. (ECF No. 8). The Joint Scheduling Report does not mention that an appraisal request had been or might be made. (*Id.*).

In May 2021, Scottsdale served Plaintiff with written discovery requests. (ECF No. 17-4). Plaintiff responded to Scottsdale's Interrogatories and Request for Production but

3

did not respond to Scottsdale's Request for Admissions.[1] (ECF No. 17 at ¶¶ 10-13). In June 2021, as required by the Court's Scheduling Order, (ECF No. 10), the parties filed a Notice of Mediator Selection and scheduled mediation for November 10, 2021. (ECF No. 14). Mediation did not take place. (ECF Nos. 19, 22).

On October 19, 2021, Plaintiff filed its Motion to Compel Appraisal. (ECF No. 16). Plaintiff argues that it is entitled to an appraisal upon request pursuant to the terms of the Policy, and that an appraisal is appropriate because Scottsdale has accepted coverage in part and the parties have a genuine disagreement over the amount of loss. (*Id*. at 4-6). Plaintiff also argues that the filing of this lawsuit is not inconsistent with its right to an appraisal. (*Id*. at 6-7). Scottsdale opposes the Motion, arguing that it disputes coverage, which is an issue for the Court to decide rather than an appraisal panel.[2] (ECF No. 17 at 3-4). Scottsdale also argues that Plaintiff waived its right to an appraisal because it actively litigated this case before filing its Motion to Compel Appraisal.[3] (*Id*. at 5). I address these arguments in turn below.

---

[1] By separate Order, the Court allowed Plaintiff to withdraw its presumptive admissions and required Plaintiff to serve amended responses to Defendant's First Request for Admissions no later than February 11, 2022. (ECF No. 34)

[2] The cases that Scottsdale relies upon concern a different issue: whether a court can compel appraisal where the insured failed to comply with its post-loss obligations. (ECF No. 17 at 3-4). Scottsdale makes no argument that Plaintiff cannot invoke its appraisal rights because it did not comply with any post-loss obligations.

[3] Scottsdale further argues that appraisal is not warranted because there is no coverage under the policy for damage caused to or from drain line overflow. (ECF No. 17 at 4). This argument is inapposite, as the cases that Scottsdale relies upon were decided on summary judgment with the benefit of a more complete record.

4

## II. ANALYSIS

Florida courts treat appraisal provisions in insurance policies the same as arbitration provisions, such that "motions to compel appraisals should be granted whenever the parties have agreed to the provision." *Wright Way Emergency Removal, LLC v. Mt. Hawley Insurance Company*, No. 8:16-cv-1163, 2016 WL 9526569, at *2 (M.D. Fla. July 29, 2016) (citation omitted). "[E]nforcement of appraisal provisions are preferred over lawsuits as they provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits." *Id.* (quotation marks and citation omitted). Courts are "exclusively charged with determining issues of coverage" while "appraisers are charged with determining the amount of loss when an insurer admits to a covered loss and the parties disagree regarding the amount of the loss." *Freeman v. American Integrity Ins. Co. of Florida*, 180 So.3d 1203, 1208 (Fla. 1st DCA 2015) (citations omitted).

Not all coverage disputes, however, fall outside the scope of the appraisal process. "[C]ausation is a coverage question for the court when an insurer *wholly denies* that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits that there is covered loss, the amount of which is disputed." *Johnson v. Nationwide Mut. Ins. Co.*, 828 So.2d 1021, 1022 (Fla. 2002) (emphasis supplied). This is because "an assessment of the amount of a loss … necessarily includes determinations as to the cost of repair or replacement *and* whether or not the requirement for a repair or replacement *was caused by a covered peril or a cause not covered*, such as normal wear and tear, dry rot, or various other designated excluded causes." *State Farm Fire and Cas. Co. v. Licea*, 685 So.2d 1285, 1288 (Fla. 1996); *see also Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc.*,

5

162 So.3d 140, 143 (Fla. 2d DCA 2014) ("Notably, in evaluating the amount of loss, an appraiser is necessarily tasked with determining both the *extent* of covered damage and the *amount* to be paid for repairs.") (citation omitted). As a result, an appraisal is proper when an insurer admits coverage to some degree but disputes the amount of loss. *See e.g., People's Trust Ins. Co. v. Tracey*, 251 So.3d 931, 933 (Fla. 4th DCA 2018) (compelling appraisal where insurer admitted coverage for interior damage but declined to repair roof); *Arvat Corp. v. Scottsdale Ins. Co.*, No. 14-22774, 2015 WL 6504587, at *3 (S.D. Fla. Oct. 28, 2015) (compelling appraisal where defendant "acknowledges that a covered peril caused part of the damage to Plaintiff's property.").

    Here, there is no dispute that the parties agreed to the appraisal provision in the Policy, and that Plaintiff demanded an appraisal in accordance with that provision. The record is clear that Scottsdale did not wholly deny coverage but rather, admitted coverage for a portion of the loss, as shown by its payment to Plaintiff and its letter stating that only one of the three causes of loss that Scottsdale identified was not covered by the Policy. (ECF No. 17 at ¶ 16; ECF No. 9 at ¶ 13; ECF No. 16-3). Under these circumstances, an appraisal is appropriate. *See Tracey*, 251 So.3d at 932 (holding "causation and the 'amount of loss' are issues to be determined by an appraisal where the insurer has not 'wholly denied' there is a covered loss."); *Arvat Corp.*, 2015 WL 6504587 at *1 (compelling appraisal where insurer paid plaintiff $24,356.51, "representing its adjusters' estimate of 'the necessary repairs for all *covered* damages' less the policy deductible" and notified plaintiff of "the damages that are not covered by the policy, the damages that are covered by the policy or which payment is being made, and the grounds for [insurer's] continued

reservation of its rights with respect to this claim."); *Levi Holding, LLC v. Scottsdale Ins. Co.*, No. 2:18-cv-361, 2018 WL 3575082, at *2 (M.D. Fla. July 25, 2018) (compelling appraisal "because there is no dispute between the parties that the cause of at least some of the damage to the Property is covered under the Policy, the remaining dispute concerning the scope of the damage is not exclusively a judicial decision and may be appropriate for appraisal.").

Defendant argues that Plaintiff waived its right to an appraisal by waiting seven (7) months after filing suit before moving to compel appraisal, and actively litigating this action in the interim. (ECF No. 17 at 5). Defendant bears the burden of proof on this issue. *ABC University Shops, LLC v. Scottsdale Ins. Co.*, No. 18-60562-CIV, 2018 WL 6271839, at *8 (S.D. Fla. Oct. 18, 2018) ("The burden of proving waiver rests upon the party invoking it.") (citation omitted). "The elements of waiver are: (1) the existence at the time of the waiver of a right, privilege, advantage, or benefit which may be waived; (2) the actual or constructive knowledge of the right; and (3) the intention to relinquish the right." *ABC University Shops*, 2018 WL 6271839 at *8 (quoting *Goodwin v. Blu Murray Ins. Agency, Inc.*, 939 So.2d 1098, 1104 (Fla. 5th DCA 2006)). Where, as here, waiver is implied by conduct, "that conduct must make out a clear case." *Id*. (citation omitted).

Defendant argues that Plaintiff engaged in the following conduct which constitutes waiver of its appraisal rights: (i) filing suit, (ii) failing to raise the appraisal issue for seven (7) months after filing suit, (iii) serving and responding to requests for production and interrogatories, (iv) serving and receiving Rule 26 disclosures, (v) setting mediation, and (vi) setting the case for trial. (ECF No. 17 at 5).

"The question of waiver of appraisal is not solely about the length of time the case is pending or the number of filings the appraisal-seeking party made. Instead, the primary focus is whether the [appraisal-seeking party] acted inconsistently with their appraisal rights." *J&E Investments, LLC v. Scottsdale Ins. Co.*, No. 161688-CIV, 2016 WL 8793337, at *2 (S.D. Fla. Aug. 18, 2016) (citation omitted). The Court should consider "[t]he totality of the circumstances" in making this determination. *Id*. at *2 (citation omitted). The totality of the circumstances here do not demonstrate that Plaintiff waived its right to appraisal

Plaintiff's filing of this lawsuit does not imply waiver. "An appraisal clause may be invoked for the first time after litigation has commenced." *Florida Ins. Guar. Ass'n, Inc. v. Castilla*, 18 So.3d 703, 705 (Fla. 4th DCA 2009). And, as noted, Plaintiff's seven-month delay in seeking to compel appraisal is not dispositive. The written discovery that Plaintiff engaged in was limited, and its other actions, namely filing a Joint Scheduling Report, choosing a mediator, and scheduling a mediation date, were done pursuant to court orders. "That the court compelled [Plaintiff to take these actions] is not the voluntary participation in the lawsuit which would constitute a waiver of the insured's rights." *Castilla*, 18 So.3d at 705; *see also ABC University Shops*, 2018 WL 6271839 at *9 (finding insured did not waive right to demand appraisal because "[a]lthough [insured] initiated this action by filing in the state court and serving the initial complaint package upon Scottsdale, virtually all other documents filed by [insured] were occasioned by Scottsdale's own decision to remove the action to this federal forum."). Further, Plaintiff did not engage in motion practice or otherwise seek substantive relief from the Court before moving to compel appraisal.

8

In sum, Defendant has not shown "a clear case" that Plaintiff acted inconsistently with its right to appraisal. *ABC University Shops*, 2018 WL 6271839 at *8.

### III. CONCLUSION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Plaintiff's Motion to Compel Appraisal, (ECF No. 16), and **STAY** this case pending completion of the appraisal. I further recommend that the Court order the parties to file a Notice, no later than 20 days after completion of the appraisal, advising the Court that the appraisal is complete and that the stay can be lifted.

### IV. OBJECTIONS

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 4th day of January 2022.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Kathleen M. Williams
    Counsel of Record