UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 21-21277-CIV-WILLIAMS

KARSEL HOLDINGS LLC,

    Plaintiff,

vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Chris M. McAliley's Report and Recommendation (DE 35) on Plaintiffs' Motion to Compel Appraisal (DE 16). In the Report, Magistrate Judge McAliley recommends that Plaintiff's Motion be GRANTED. Defendant filed objections to the Report. (DE 40.) For the reasons set forth below, the Report is adopted in part.

Plaintiff seeks to compel appraisal based on a provision in the insurance policy at issue that states, "If we and you disagree on the value of the property or the amount of the loss, either may make written demand for an appraisal of the loss." (DE 16 at 3.) Defendant asserts that on June 2, 2020—prior to the present litigation—it issued a payment for ensuing water damage for $12,318.84 based on its initial inspection of the damage at issue. (DE 17 at 3.) Defendant then had a consultant inspect the damage, and the consultant determined there were three causes of loss:

    1. drain line collapse and discharge

    2. shower pan leak

      3. and water damage to ceiling at hallway.

(DE 16-3.)

Plaintiff asserts that in October 2020 it made an appraisal demand before filing suit in March 2021. In response to the demand for appraisal, Defendant listed the three causes of loss, reiterated its position that "drain lines and discharge from drain lines are not covered by this policy," and asked that Plaintiff clarify "which cause of loss you are requesting to be appraised." (*Id.*)

The Parties agree that Florida law applies. In Florida, "[c]overage disputes cannot be resolved through appraisal." *State Farm Fla. Ins. Co. v. Nordin*, 312 So. 3d 200, 204 (Fla. Dist. Ct. App. 2021) (citing *Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1022 (Fla. 2002)). But:

> when the insurer admits that there *is* a covered loss, but there is a disagreement on the *amount* of loss, it is for the appraisers to arrive at the amount to be paid. In that circumstance, the appraisers are to inspect the property and sort out how much is to be paid on account of a covered peril. In doing so, they are to exclude payment for "a cause not covered such as normal wear and tear, dry rot, or various other designated, excluded causes."

*Johnson*, 828 So. 2d at 1025 (quoting *Gonzalez v. State Farm Fire and Cas. Co.*, 805 So. 2d 814, 816−17 (Fla. 3d DCA 2000)). Still, "the submission of the claim to appraisal does not foreclose [an insurer] from challenging an element of loss as not being covered by the policy." *Liberty Am. Ins. Co. v. Kennedy*, 890 So. 2d 539, 541–42 (Fla. Dist. Ct. App. 2005).

Defendant objects to the Report on two grounds. First, Defendant asserts that there is no coverage for the loss under the policy. Second, Defendant asserts that if the Court agrees that this dispute should proceed to appraisal, the appraisal should be

itemized to delineate the damage related to the drain line discharge—damage that Defendant maintains is not covered under the policy. Having conducted a *de novo* review, and considering the above principles, the Court agrees as to Defendant's second objection that the appraisal should be itemized.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation (DE 35) is **ADOPTED IN PART**;
2. Plaintiff's Motion to Compel Appraisal (DE 16) is **GRANTED**;
3. The Parties are **COMPELLED** to complete an itemized appraisal within **SIXTY (60) DAYS** of the date of this Order;
4. Within **SEVEN (7) DAYS** of the completion of the appraisal, the Parties shall file a joint status report regarding the appraiser's findings and whether the Parties have resolved the dispute in whole or in part.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 4th day of May, 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

3